1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

Ford Motor Credit Company, et al.

CASE NO. 12cv1431-GPC-JMA

11

Plaintiffs,

**ORDER GRANTING**
**MOTION TO REMAND**

12

vs.

13

[DKT. NO. 12]

RA Lake, Inc., et al.,

14

Defendants.

15
16

    This case becomes before the Court on Plaintiffs' motion to remand.  (Dkt. No.

17

12.)  For the reasons set out below, the Court **GRANTS** Plaintiffs' motion to remand.

18

The Court therefore **REMANDS** this action to San Diego County Superior Court.

19

## BACKGROUND

20

    On May 24, 2012 Ford Credit filed this breach of contract case in the

21

Superior Court of San Diego (Dkt. 1, Ex. A, "Complaint.")  Ford Credit is a

22

corporation authorized and licensed to conduct business in the State of California.

23

(Complaint at ¶ 1.)  Ford Credit alleges that RA Lake, Inc. is a California

24

corporation and Defendants Steven Lucore, Judy Lucore, Rick Hinrichsen and

25

George Valverde are individuals residing in the state of California. (Complaint at ¶¶

26

2-4.)  Ford Credit alleges that defendants entered into a contract for a vehicle owned

27

by plaintiffs, and defendants have failed to make installment payments on the

28

vehicle. (Complaint at ¶¶ 12-15.)  Ford Credit alleges defendants default under the

terms and conditions of the agreement constitute a breach of contract. (Complaint at ¶¶ 16-17.)  Defendants have allegedly refused to surrender possession of the vehicle in question, and Ford Credit seeks payment on the remaining unpaid balance of $62,179.63 on the contract. (Complaint at ¶¶ 22-23.)  Ford Credit alleges the following state law causes of action: possession of personal property and breach of contract; goods sold and delivered; book account; and account stated.  (Complaint at 4-11.) Ford Credit seeks to quiet title and injunctive relief. (Complaint at 11-13.)

On June 13, 2012, Defendants Steven Lucore and Judy Lucore removed the action to this court based on diversity jurisdiction. (Dkt. No. 1.)

On February 12, 2013, this Court set a hearing for dismissal for want of prosecution pursuant to Local Civil Rule 41.1. (Dkt. No. 5.)

On March 11, 2013, Plaintiffs filed a notification of bankruptcy and effect of automatic stay. (Dkt. No. 10.)  The court thereby vacated the dismissal hearing and issued a stay. (Dkt. No. 11.)

On June 4, 2013, Ford Credit filed a notice of termination of automatic bankruptcy stay. (Dkt. No. 13.)  Ford Credit also filed a motion to remand the case to the Superior Court of San Diego. (Dkt. No. 12.)  Defendants have failed to file an opposition.

**DISCUSSION**

Ford Credit seeks to remand this case to state court based on Defendants improper removal. (Dkt. No. 12.)

A federal court has jurisdiction over an action involving citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.  The notice of removal must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."  28 U.S.C. § 1446(b).  The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 712 n.3 (9th Cir. 1990).

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." <u>Gaus v. Miles, Inc.,</u> 980 F.2d 564, 566 (9th Cir. 1992). Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. <u>Caterpillar, Inc. v.Williams</u>, 482 U.S. 386, 392, (1987).  The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court . . . ." <u>Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.</u>, 463 U.S. 1, 9-10 (1983).

Here, Defendants Steve Lucore, Sr. and Judy Lucore removed the action based on diversity jurisdiction and assert the amount in controversy exceeds $75,000. (Dkt. No. 1 at 2.)  To support diversity of citizenship, Defendants state that Ford Credit is a corporation organized under the laws of Delaware, with its principal place of business in Michigan, and all Defendants are citizens or businesses in the state of California. (Dkt. No. 1 at 3.)  Although Plaintiffs' complaint does not include the state of organization, Plaintiffs state Ford Credit is a corporation authorized and licensed to conduct business in the state of California. (Complaint at 1.)

Plaintiffs argue that Defendants have improperly removed this action because they are citizens of the state of California.  The Court agrees.  Under 28 U.S.C.A. § 1441, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title["Diversity of Citizenship"] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C.A. § 1441 (a)(2) (West). Defendants are admittedly citizens of the state of California. (Dkt. No. 1 at 2.) Pursuant to 28 U.S.C. 1441 (a)(2), Defendants may not seek removal of this action based on diversity of citizenship.

Moreover, diversity of citizenship cannot serve as a sufficient jurisdictional base where it appears from the face of the complaint that complete diversity of

1  citizenship does not exist. See Kizer v. Fin. Am. Credit Corp., 454 F. Supp. 937,

2  938 (N.D. Miss. 1978).  From the face of Plaintiffs' complaint, all parties are

3  businesses or citizens in the state of California. (Complaint at 1-2.)  Defendants do

4  not offer any information or evidence to the contrary.  As such, Defendants have not

5  met their burden to establish that federal jurisdiction is proper. See Nishimoto, 903

6  F.2d at 712.  Accordingly, the Court hereby **GRANTS** Plaintiffs' motion to remand.

7  **CONCLUSION**

8       The Court hereby **GRANTS** Plaintiffs' motion and hereby **REMANDS** this

9  action to San Diego County Superior Court.

10  **IT IS SO ORDERED.**

11

12  DATED:  October 15, 2013

13

14  HON. GONZALO P. CURIEL
    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28